IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, | ) |
| Appellant, | ) |
| v. | ) Civil Action No. 12-00512-KD-C |
| CHARLES K. BRELAND, JR., | ) |
| Appellee. | ) |

**ORDER**

This matter is before the court on the Notice of Appeal of the Order of the Bankruptcy Judge on Remand from the United States District Court for the Southern District of Alabama (doc. 641, In Re: Charles K. Breland, Jr., Debtor, Bankruptcy Action No. 09-11139-MAM, Chapter 11).[1]

The I.R.S. moved to amend its priority claim **after**: 1) the priority claim had been settled by agreement between the parties, 2) a consent order had been entered reflecting the agreement, 3) the debtor's plan confirmed and 4) the priority claim paid in full. The Bankruptcy Court denied the motion to amend and in doing so clearly did not abuse its discretion.

The I.R.S. filed a claim, which it amended four times prior to confirmation of the plan.

---

[1] When appealing a decision of a court it is inappropriate to treat the court as an adversary, as Lynne M. Murphy has chosen to do in her appeal brief. Ms. Murphy states that the bankruptcy court (and debtor) "ignored", "attempts to rewrite", "change their position and advance their new argument", "now claims", "would have this Court now believe", and makes a "futile attempt to avoid the Gurwitch decision". These descriptions improperly cast the court as an opponent and fail to render proper respect to the independent and neutral decision-making function of the bankruptcy court. Also disturbing, are Ms. Murphy's comments in footnotes 5 and 26 that could be construed as accusing the court of improper bias. In future filings, Ms. Murphy is directed to explain why the bankruptcy court's rulings constitute error without casting aspersions at the bankruptcy court.

Thereafter the I.R.S. filed a "protective objection" to the amended plan. In compromise and settlement of its objection, the I.R.S. agreed that its unsecured priority claim was $671,319. It was also agreed that the unsecured general tax claim should be capped at $1.2 million, allowing the debtor to attempt to reduce this claim by showing reasonable cause for the late/non-payment of the taxes.

The I.R.S. contends that it settled its priority claim with the debtor only to allow for confirmation of the plan in a timely manner and to fix the amount of plan payments that the I.R.S. was entitled to receive from the debtor's bankrupt estate. The I.R.S. further contends that the agreement does not preclude the I.R.S. from collecting such unpaid tax debt from Breland personally.

Moreover, the I.R.S. argues that because the agreement left open the possibility that the unsecured claim could be reduced, it should be free to amend its priority claim. The request is based on the I.R.S.' belated belief that further discovery might show that the debtor owes $45,216,023.24. In sum, having decided that its prior compromise and settlement may have undesirable consequences in a later proceeding, the I.R.S. seeks to back out of its agreement with the debtor and overturn the consent order wherein the I.R.S.' previous objection concerning the allowed priority claim was dismissed with prejudice.

In support, the I.R.S. cites authority that indicates that the I.R.S. does not lose its claim for taxes even if the claim is not filed or allowed in bankruptcy. However, whether the I.R.S. may later have a claim or whether the Consent Order is res judicata as to a later administrative tax claim are not the issues before the court. The issue is whether the Bankruptcy Court abused its discretion by not allowing an amendment to the priority claim after a consent order was entered that disposed of the issue.

Upon an extensive de novo review of the record, the briefs and the case law, the court finds that Judge Mahoney's application of the law is correct in that *In re Gurwitch*, 794 F. 2d 584 (11th Cir. 1986) is not controlling as applied to the facts of this case.  Moreover, the court finds that Judge Mahoney did not abuse her discretion in not allowing the amendment to the priority claim.  Accordingly, it is **ORDERED** that the Order of the United States Bankruptcy Court for the Southern District of Alabama is **AFFIRMED**.

**DONE** and **ORDERED** this 27th day of December, 2012.

>    s/Kristi K. DuBose
>    **KRISTI K. DuBOSE**
>    **UNITED STATES DISTRICT JUDGE**